UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN MILITO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EXPEDIA, INC., a Washington profit corporation doing business as AARP TRAVEL CENTER, AARP TRAVEL CENTER POWERED BY EXPEDIA, EXPEDIA, EXPEDIA LOCAL EXPERT, EXPEDIA PARTNER SERVICES, EXPEDIA TRAVEL, EXPEDIA.COM, HDM INTERNET SERVICES, INC., HOTELS.COM, HOTELS.COM GP, HOTELS.COM LP, HOTWIRE, HOTWIRE.COM, HRN HOLDINGS, HRN, INC., INTERACTIVE AFFILIATE NETWORK, LP, JOURNEYPULSE, JOURNEYPULSE.COM, LOCAL EXPERT, METROPOLITAN TRAVEL, TRAVELNOW.COM, TRAVELOCITY.COM, and WWTE TRAVEL LIMITED; EXPEDIA TRAVEL PARTNER SERVICES, LLC, a foreign limited liability company; and DOES 1-20, as yet unknown Washington entities,<br><br>Defendants. | Case No.<br><br>(Formerly Case No. 25-2-18706-3 SEA in the Superior Court of Washington for King County)<br><br>**NOTICE OF REMOVAL**<br><br>[28 U.S.C. §§ 1332(d), 1441, 1446, and 1453] |



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

**TO: THE CLERK OF COURT FOR THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON**

**AND TO: PLAINTIFF AND HIS ATTORNEYS OF RECORD**

**PLEASE TAKE NOTICE THAT**:

Defendants Expedia, Inc. ("Expedia") and Expedia Travel Partner Services, LLC ("ETPS" and collectively, the "Expedia Defendants"), by and through counsel, hereby remove the above-entitled action from the Superior Court of the State of Washington in and for King County to the United States District Court for the Western District of Washington, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, because minimal diversity exists under the Class Action Fairness Act ("CAFA"), there are more than 100 members in the putative class, and the amount in controversy exceeds $5 million.

The Expedia Defendants deny the allegations and relief sought, and file this Notice without waiving any defenses, exceptions, or obligation that may exist in their favor. The Expedia Defendants will provide additional evidence to support the allegations of this pleading as required in the event a challenge is raised to the Court's jurisdiction.

## I. PROCEDURAL BACKGROUND

1. On June 25, 2025, Plaintiff John Milito filed a complaint in King County Superior Court (the "Complaint") individually and on behalf of the members of a class. A true and correct copy of Complaint is attached as **Exhibit A**.

2. On June 27, 2025, Plaintiff served copies of the Summons and Complaint on the registered agent for Defendants. **Exhibit B.**

3. On July 31, 2025, the parties stipulated to an order staying the case pending the Washington Supreme Court's consideration of the question certified in *Branson v. Washington Fine Wines & Spirits, LLC*, No. 2:24-CV-00589-JHC, 2024 WL 4510680, at *1 (W.D. Wash. Aug. 20, 2024).

4. In the Complaint, Plaintiff asserts claims on behalf of the following putative class



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

(the "Class"):

> All individuals who, from January 1, 2023, through the date notice is provided to the Class, applied for a job opening in Washington with Expedia, Inc. or Expedia Travel Partner Services, LLC, where the job posting did not disclose a wage scale or salary range, and/or a general description of all of the benefits and other compensation to be offered to the hired applicant.

Compl. ¶ 39.

5. On behalf of himself and the putative Class, Plaintiff seeks $5,000 in statutory damages based on the alleged failure to disclose wage or salary ranges on job postings for positions in Washington, purportedly in violation of RCW 49.58.110. *Id.* ¶¶ 39–46, 52, 54(b). Additionally, the Complaint seeks a statutory award of attorney fees under RCW 49.58.070(1). *Id.* ¶¶ 38, 54(c).

## II. <u>REMOVAL IS TIMELY</u>

6. Under 28 U.S.C. § 1446(b), a defendant must remove a case within 30 days of either the service of a (1) complaint that states facts sufficient to make removability apparent or (2) "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *See also Kuxhausen v. BMW Financial Services NA LLC*, 707 F.3d 1136, 1141 (9th Cir. 2013); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010); 28 U.S.C.§ 1446(b). As long as neither of these 30-day periods has been triggered, a CAFA case may be removed at any time. *See Kuxhausen*, 707 F.3d at 1141.

7. A defendant is not obligated to conduct a proactive investigation into removability within thirty days of having been served with the initial, indeterminate pleading. *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013) ("Thus, even if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct such an investigation and then file a notice of removal within thirty days of receiving the indeterminate document." (citing *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 693–94 (9th Cir. 2005)); *see also Morgan v. Twitter, Inc.*, No. 2:22-CV-00122-MKD, 2023 WL 3271147, at *10 (E.D. Wash. May 5, 2023) (30-day deadline not triggered where complaint sought $5,000 in liquidated damages per class member but did not contain an estimate



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

of the number of individuals the class would encompass; defendant would not be charged with knowledge of the number of people who met the definition of class member).

8. Plaintiff's Complaint does not trigger the 30-day removal deadline as it is not apparent from the face of Plaintiff's Complaint that the action is removable. The Complaint seeks $5,000 in statutory damages on behalf of Plaintiff and each class member, Compl. ¶¶ 39–46, 52, 54(b), but does not include allegations sufficient to identify the number of putative Class members, as it alleges nothing more than that "[t]here are potentially dozens of Class members[.]" *Id.* ¶ 41. If the class included 24 people ("dozens"), and they each sought $5,000 in statutory damages, that would only put $120,000 (plus attorney fees) at issue in the case. Therefore, the Complaint does not contain sufficient facts on its face to demonstrate that the amount in controversy exceeds $5,000,000 or that there are over 100 class members, both of which are required for jurisdiction under CAFA, or that the case was otherwise removable. Nor does the Complaint contain allegations establishing minimal diversity, which the Expedia Defendants were required to identify through their own investigation.

9. Whether this case was removable could therefore be determined only after the Expedia Defendants conducted a substantial internal investigation into their job postings and job applicant data. As noted, the Expedia Defendants were not obligated to conduct this investigation within thirty days. *See, e.g.*, *Stone v. Gov't Emps. Ins. Co., Inc.*, No. C16-5383 BHS, 2016 WL 5929228, at *5 (W.D. Wash. Oct. 12, 2016) (finding the defendant was not obligated to search its internal databases to calculate the amount in controversy). Because the removability of the action was not apparent from the face of the Complaint, and because the Expedia Defendants have not been served an amended pleading, motion, order or other paper demonstrating this case is removable, neither thirty-day period for removal was triggered. 28 U.S.C. § 1446(b); *Kuxhausen*, 707 F.3d at 1141.

10. Through the investigation of their internal records, the Expedia Defendants have ascertained that there are more than 1,000 individuals who meet the class definition alleged in



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

Plaintiff's complaint, including individuals who are domiciled outside Washington, therefore satisfying CAFA's amount in controversy and numerosity requirements, as well as minimal diversity, as discussed further herein. *See* Section IV, *infra*.

11. Accordingly, this action is timely removed.

## III. VENUE

12. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the United States District Court for the Western District of Washington embraces the place where this action is pending, King County Superior Court.

## IV. ORIGINAL JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

13. This lawsuit is a putative class action.[1] Removal based on CAFA is proper pursuant to 28 U.S.C. §§ 1441, 1446, and 1453 because (1) minimal diversity of citizenship exists between one of the putative class members and the Expedia Defendants; (2) there are more than 100 members in the putative Class; and (3) the Complaint places in controversy more than $5 million, exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(2), (d)(5)(b), 1453. Although the Expedia Defendants deny Plaintiff's factual allegations and deny that Plaintiff—and the class he purports to represent—is entitled to the relief requested in the Complaint, all requirements for jurisdiction under CAFA have been met in this case based on Plaintiff's allegations in the Complaint.

### A. Minimal Diversity of Citizenship Exists.

14. To establish CAFA's diversity requirement, a party seeking removal must establish only that minimal diversity exists, that is, that one putative class member is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2); *see also*, *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090–91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides

[1] The Expedia Defendants deny and reserve the right to contest Plaintiff's contention that this action can properly proceed as a class action.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

15. Minimal diversity exists under 28 U.S.C. § 1332(d)(2) because at least one putative class member is citizen of a state different from any defendant.

**1. Defendants Expedia and ETPS are Citizens of Washington.**

16. A corporation is deemed to be a citizen of any state in which it has been incorporated and the state where it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). The "principal place of business" refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities . . . [I]n practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the 'nerve center,' and not simply an office where the corporation holds its board meetings." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

17. Limited liability companies are treated as corporations for purposes of citizenship under CAFA. *See Jack v. Ring LLC*, 553 F. Supp. 3d 711, 715 (N.D. Cal. 2021).

18. Under 28 U.S.C. § 1453(b), "[a] class action may be removed to a district court of the United States in accordance with section 1446 . . . , without regard to whether any defendant is a citizen of the State in which the action is brought." *See also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681–82 (9th Cir. 2006) (noting that Section 1453(b) "unlike § 1441, allows for removal of actions 'without regard to whether any defendant is a citizen of the State in which the action is brought'"). Accordingly, the forum defendant rule does not bar the removal of class actions under CAFA. *See Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1275–76 (9th Cir. 2017) (affirming the denial of a motion to remand in a case removed to federal court in California despite defendant's California citizenship).

19. Defendant Expedia is organized under the laws of the State of Washington, and its principal place of business and corporate headquarters is in Washington, where its officers direct,



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

control, and coordinate corporate activities. Defendant ETPS is a subsidiary of Expedia and is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Seattle, Washington. Defendant Expedia is therefore a citizen of Washington and ETPS is a citizen of Washington and Delaware for purposes of removal. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp.*, 559 U.S. at 92–93. The Expedia Defendants' Washington citizenship, moreover, does not bar their ability to remove this case under CAFA. *See Broadway Grill, Inc.*, 856 F.3d at 1275–76.

**2. At Least One Member of the Putative Class is a Citizen of a State Other than Washington.**

20. Minimal diversity is satisfied where a plaintiff's proposed class includes citizens of a state different from any of the defendants. *Id.* (noting that the plaintiff's class definition included both California and non-California citizens, thus satisfying minimal diversity).

21. Based on the Expedia Defendants' research into the proposed class, Plaintiff's proposed Class of job applicants who applied to allegedly deficient job postings with the Expedia Defendants includes citizens of states other than Washington, in states around the United States, including but not limited to citizens domiciled in New York, Texas, and California. As there is at least one member of the putative class whose citizenship is different from the Expedia Defendants' citizenship, minimal diversity is satisfied. *See id.*

**B. The Putative Class Has More than 100 Members.**

22. CAFA's requirement that the proposed class membership be no less than 100 members is satisfied here because the putative Class has more than 100 members. *See* 28 U.S.C. § 1332(d)(5).

23. Plaintiff asserts claims on behalf of a putative Class comprised of all individuals who applied for a job opening with the Expedia Defendants in Washington from January 1, 2023, through the present, where the job posting allegedly did not contain wage scale or salary range information, or a general description of the benefits. Compl. ¶ 39. The Expedia Defendants



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

reserve the right to oppose class certification, to dispute Plaintiff's class definition, and to dispute Plaintiff's interpretation of the statutory requirements in RCW 49.58.110. But for purposes of removal only, based on Plaintiff's class definition and assuming the foregoing statutory requirements are all defined in the manner in which the Expedia Defendants understand Plaintiff interprets the statute (over the Expedia Defendants' objection), the putative Class includes at least 1,000 individuals. Thus, the putative Class contains more than 100 members.

**C. The $5,000,000 Amount in Controversy Requirement Is Satisfied.[2]**

24. Under CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6).

25. A removing defendant's notice of removal must contain only "a short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014) (quoting 28 U.S.C. § 1446(a)). The "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89. "[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id.* at 88–89 (quoting H.R. Rep. No. 112–10, p. 16 (2011)). There is no presumption against removal in cases invoking CAFA because Congress intended to "facilitate adjudication of certain class actions in federal court." *Id.* at 89.

[2] This Notice of Removal addresses the nature and amount of damages the Complaint places in controversy. The Expedia Defendants refer to specific damages estimates and cite to comparable cases solely to establish that the amount in controversy exceeds the jurisdictional minimum. The Expedia Defendants maintain that each of Plaintiff's claims lack merit and that they are not liable to Plaintiff or any putative Class member in any amount whatsoever. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Defendants'] liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

26. Where, as here, Plaintiff has not pleaded in the Complaint the amount of damages that he seeks, the Court may consider facts beyond the Complaint to determine whether the lawsuit meets the jurisdictional requirement. *See Abrego Abrego,* 443 F.3d at 690 (citing *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). The burden of showing the amount-in-controversy meets the federal jurisdictional threshold "is not a daunting one. . . . [A] removing defendant is not obligated to completely 'research, state, and prove the plaintiff's claims for damages.'" *54-40 Brewing Co. LLC v. Truck Ins. Exch.*, No. C21-5586, 2021 WL 6124788, at *2 (W.D. Wash. Dec. 28, 2021) (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204–05 (E.D. Cal. 2008)).

27. While the Expedia Defendants deny Plaintiff's factual allegations and further deny that Plaintiff and the putative Class he seeks to represent are entitled to any relief whatsoever, Plaintiff's allegations have put into controversy an amount "more likely than not" in excess of the $5 million threshold when aggregating the claims of the putative Class members as set forth in 28 U.S.C. § 1332(d)(6).

**1. Plaintiff's Request for Statutory Damages on Behalf of Themselves and Each Putative Class Member Places more than $5,000,000 in Controversy.**

28. Plaintiff has specifically requested statutory damages for himself and each putative Class member of $5,000 pursuant to RCW 49.58.070 and RCW 49.58.110, placing at least $5,000,000 ([1,000] putative Class members x $5,000) in statutory damages in controversy. Compl. ¶¶ 52, 54(b).

**2. Plaintiff's Claim for Attorney Fees Places Further Amounts in Controversy.**

29. Courts have held that an award of attorney fees, if such fees are authorized under applicable law, should be considered for purposes of calculating the amount in controversy. *See McGraw v. GEICO Gen. Ins. Co.*, No. C16-5876, 2017 WL 1386085, at *3 (W.D. Wash. Apr. 18, 2017) (concluding "that, whether the [attorney] fees are authorized by contract, statute, or case



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

law, they may be included in the amount in controversy"); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."); *see also Kido as trustee for Kido v. Transamerica Life Ins. Co.*, No. C19-1858, 2020 WL 428978, at *3 (W.D. Wash. Jan. 28, 2020) (calculating attorney fees for inclusion in the amount in controversy); *Skau v. JBS Carriers, Inc.*, No. C18-681, 2018 WL 6804315, at *2 (W.D. Wash. Dec. 27, 2018) (concluding "it is more likely than not that the attorneys' fees that may be awarded in this case would exceed the remaining amount required to meet the amount in controversy requirement").

30. Here, Plaintiff seeks attorney fees under RCW 49.58.070, and fees may therefore be considered for purposes of calculating the amount in controversy. Compl. ¶ 53.

31. When estimating attorney fees for purposes of removal, the estimated amount is not limited to the fees incurred as of the time of removal, but include those future attorney fees that would reasonably accrue through the time the action is resolved. *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018).

32. The reasonable estimate of attorney fees likely to be incurred through resolution of a case may be based upon fee awards in similar cases, plaintiff's counsel's hourly rate, and the number of hours counsel would likely spend on the case. *See Galt G/S*, 142 F.3d at 1155–56; *see also Kido as trustee for Kido*, 2020 WL 428978, at *3 (calculating Plaintiff's estimated attorney fees for the purpose of removal using Plaintiff's attorney hourly rate and a reasonable estimate of the number of hours expected to be spent working on the case). Plaintiffs' attorneys handling employment class action cases can spend hundreds, if not thousands, of hours working on them through trial. *See, e.g.*, *Vizcaino v. Microsoft Corp.*, 142 F. Supp. 2d 1299, 130–06 (W.D. Wash. 2001) (awarding $27,127,800 in attorney fees where counsel spent more than 17,000 hours at rates ranging from $250 to $350 per hour); *Helde v. Knight Transportation, Inc.*, No. C12-0904RSL, 2017 WL 11679617, at *1–2 (W.D. Wash. Oct. 26, 2017) (awarding $1,168,010.21 in attorney



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

fees based on a total of approximately 3,046 hours following motions to dismiss and for summary judgment, as well as to certify class); *see also Ridgeway v. Wal-Mart Stores Inc.,* 269 F. Supp. 3d 975, 985, 1003 (N.D. Cal. 2017) (granting a total of $15,200,002.90 in attorney fees based on a total of 10,595.8 hours at rates ranging from $300 to $900 per hours following a 16-day class action trial); *Ibarra v. Wells Fargo Bank, N.A.,* 2018 WL 5276295, at *7 (C.D. Cal. Sept. 28, 2018) (awarding $1,967,253.76 in attorney fees to the plaintiffs following summary judgment in their favor where class counsel had spent 1,805.55 hours litigating at rates ranging from $350 to $775).

33. Here, a reasonable estimate of the number of hours Plaintiff's counsel likely will spend litigating Plaintiff's and the putative Class members' claims through trial, based on Plaintiff's allegations and a comparison of similar cases, is at least 500 hours. Assuming the case is not dismissed or stayed pending arbitration immediately, the parties will need to participate in a Rule 26(f) conference, prepare and file a joint status report, and issue initial disclosures. There will be proceedings related to Plaintiff's attempt to certify the Class. Further, the Expedia Defendants anticipate deposing the Plaintiff, and the Expedia Defendants anticipate that Plaintiff's counsel will depose multiple witnesses. The Expedia Defendants may file a motion for summary judgment. The Parties may have disputes regarding discovery that will involve briefing and arguing one or more discovery motions. Finally, upon judgment, there will be time required to seek approval of, implement, and oversee the claims administration process. Therefore, 500 hours of attorney time represents a reasonable estimate of the minimum number of attorney hours that can reasonably be anticipated through the resolution of this case.

34. Plaintiff's counsel's hourly rates are available through reference to publicly available fee requests in other cases.

35. In separate litigation, attorneys from the law firm representing Plaintiff have sought an hourly rate of $725 for partners. Decl. of Timothy W. Emery in Supp. of Pl.'s Unopp. Mot. for Prelim. Approval of Class Action Settlement, *Awbrey v. Lancesoft, Inc.*, No. 24-2-12844-1 SEA, at 9 (King Cnty. Super. Ct. June 24, 2025). Five hundred hours of attorney time at a billing rate



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

of $725 an hour equates with $362,500 in attorney fees. Plaintiff's claims therefore more likely than not place even more than $5,000,000 in controversy.

| Remedy Requested | Amount in Controversy |
|---|---|
| Statutory damages | $5,000,000 |
| Plaintiff's attorney fees | $362,500 |
| Total | $5,362,000 |

36. In the alternative, the Ninth Circuit has held for purposes of removal that future fee estimates can also be based on "customary rates" and "proper fees," and that "a percentage-based method," such as 25% of the amount in controversy, may also be relevant when estimating the amount of fees included in the amount in controversy. *Fritsch*, 899 F.3d at 795–96, 796 n.6. Courts have used the 25% benchmark to calculate potential fees for purposes of the CAFA amount in controversy. *See, e.g.*, *Dawsey v. Travelers Indem, Co.*, No. 3:15–cv–05188, 2015 WL 4394545, at *2–3 (W.D. Wash. July 16, 2025) (adding 25% benchmark to estimated amount in controversy); *Berry v. Transdev Services, Inc.*, No. C15-1299, 2016 WL 11261499, at *4–5 (W.D. Wash. Jan. 11, 2016) ("Courts also recognize that two possible benchmarks for estimating such attorneys' fees: an estimate under a lodestar calculation or using a 25% common fund benchmark."). Courts therefore include a potential 25% fee award in the CAFA amount in controversy.

37. Using such an approach would place yet additional sums in controversy—even if conservative assumptions are used. Assuming a 25% fee award were used, Plaintiff's attorney fees would plausibly total $1,375,000. When summed with the statutory damages discussed above, this amount is more than sufficient to satisfy the jurisdictional threshold. A 25% estimate is also reasonable as Plaintiff's counsel has received at or above this benchmark in court-approved settlements in other EPOA litigation. *See, e.g.*, Final Order and Judgment Approving Class Action Settlement at 5, *Atkinson v. AJP Enterprises LLC*, No. 23-2-10313-1 KNT (King Cnty. Super. Ct.



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

June 6, 2025) (awarding Plaintiff's counsel attorney fees of "$513,300 (29.5 percent of the [common] Fund)").

38. Accordingly, although the Expedia Defendants expressly and emphatically deny Plaintiff's factual allegations and prayer for relief and deny that Plaintiff is entitled to any relief whatsoever, the amount in controversy more likely than not exceeds the jurisdictional threshold set forth in 28 U.S.C. § 1332(d)(2), based on the Expedia Defendants' investigation into the putative Class size and the foregoing fee estimates.

## V. THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

39. As set forth above, this Notice of Removal is timely filed because no thirty-day removal period has been triggered.

40. The Expedia Defendants will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

41. No previous Notice of Removal has been filed or made with this Court for the relief sought therein.

42. The prerequisites for removal under 28 U.S.C. §§ 1332(d)(2), 1441, 1446, and 1453 have been met.

43. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders served" upon the Expedia Defendants as well as other documents filed in the state court action are filed concurrently with this Notice of Removal.

44. Because this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332(d)(2), removal of this action is proper pursuant to 28 U.S.C. § 1441.

45. A party seeking to invoke federal jurisdiction bears the burden of "establishing the facts necessary to support standing 'with the manner and degree of evidence required at the successive stages of the litigation.'" *Tailford v. Experian Info. Sols., Inc.*, 26 F.4th 1092, 1099



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

(9th Cir. 2022) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)). At the removal stage, "general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presum[e] that general allegations embrace those specific facts that are necessary to support the claim." *Id.* (citation modified) (quoting *Lujan*, 504 U.S. at 561); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that complaint must plead facts showing that claim is plausible). Based on Plaintiff's Complaint and the following allegations in this Notice of Removal, there are sufficient allegations of injury to support Article III standing.

46. The Complaint alleges that as a result of the Expedia Defendants' alleged failure to comply with RCW 49.58.110, "Plaintiff has experienced economic and non-economic harm as a direct result of Defendants' discriminatory hiring practices" and the Expedia Defendants' "violation of RCW 49.58.110." Compl. ¶ 34. Plaintiff further alleges that he "remains unable to evaluate the pay for the position and compare that pay to other available positions in the marketplace, which negatively impacts [his] current and lifetime wages," *id.* ¶ 31; that his "ability to negotiate pay remains adversely affected," *id.* ¶ 32; and that he "lost valuable time applying for a position for which the wage scale or salary range being offered was not disclosed," *id.* ¶ 33.

47. Moreover, the Expedia Defendants' investigation into their records have revealed the following facts and evidence that support a finding that Plaintiff has Article III standing: In May 2025, Plaintiff completed an application for the position of Solution Engineer with Expedia. As described in the job advertisement, this position is a solution architect who defines software and solution packages and serves as the primary technical interface with partners. The advertisement sought a software developer with experience solving sophisticated technology problems. Further, between February 2024 and September 2024, Plaintiff applied to twelve other similar job advertisements with Expedia, including data engineering, software development, and data analyst positions. All twelve of those job advertisements did contain a salary range and benefits information, indicating that Plaintiff did not apply to them for the purpose of claiming a violation of the EPOA, but rather for the purpose of gaining employment with Expedia. Plaintiff



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

provided thorough information, including a resume, with all thirteen of his applications. The resume he submitted for the Solution Engineer position was updated from the resumes he previously had submitted and included additional information about his experience. Plaintiff's submissions to Expedia, including his resumes, indicate that he had prior work experience and education in the same field as Solution Engineer position. For example, Mr. Milito's resume indicates that he has a master's degree in data science and that he has worked as a software developer, data architect, and data engineer for several different companies since 2017.

48. Assuming the truth of the allegations in Milito's Complaint and based on the information presently available to the Expedia Defendants, Plaintiff Milito is a bona fide applicant and has Article III standing. In the event Plaintiff challenges whether he has Article III standing, the Expedia Defendants respectfully request jurisdictional discovery. The Expedia Defendants reserve the right to change their position and to challenge standing if future discovery received from Plaintiff, including his future deposition, establishes that Plaintiff lacks standing, contrary to his present allegations and the information presently available to Expedia.

## VI. CONCLUSION

Based on the foregoing, removal under CAFA is proper to this Court. If any question arises as to the propriety of the removal of this action, the Expedia Defendants respectfully request the opportunity to conduct jurisdictional discovery and to present evidence and argument in support of their position that this case is subject to removal.

// - // - //



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401

DATED: December 9, 2025

**MORGAN, LEWIS & BOCKIUS LLP**

By: *s/ Andrea Delgadillo Ostrovsky*
Damon C. Elder, WSBA #46754
Andrea Delgadillo Ostrovsky, WSBA #37749
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 274-6400
Email: damon.elder@morganlewis.com
andrea.ostrovsky@morganlewis.com

*Attorneys for Defendants Expedia, Inc. and Expedia Travel Partner Services, LLC*

## CERTIFICATE OF SERVICE

I certify that on this date, I caused a true and correct copy of the following documents to be served on the individuals listed below in the manner indicated:

1. Notice of Removal
2. Civil Cover Sheet
3. Verification of State Court Records
4. Corporate Disclosure Statement
5. Notice of Filing Notice of Removal

***Attorneys for Plaintiff John Milito*:**
Timothy W. Emery, WSBA #34078
Patrick B. Reddy, WSBA #34092
Paul Cipriani, WSBA #59991
Hannah M. Hamley, WSBA #59020
**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Email: emeryt@emeryreddy.com
reddyp@emeryreddy.com
paul@emeryreddy.com
hannah@emeryreddy.com

☐ Via Legal Messengers
☐ Via First Class Mail
☐ Via Facsimile
☒ Via Electronic Mail
☒ Via E-Service

Dated: December 9, 2025 at Seattle, Washington.

*s/ Emily Fortier*
Emily Fortier, Legal Assistant



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400 FAX +1.206.274.6401