**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

JOHN MILITO, individually and on behalf of all others similarly situated,

Plaintiff,

v.

EXPEDIA, INC., a Washington profit corporation doing business as AARP TRAVEL CENTER, AARP TRAVEL CENTER POWERED BY EXPEDIA, EXPEDIA, EXPEDIA LOCAL EXPERT, EXPEDIA PARTNER SERVICES, EXPEDIA TRAVEL, EXPEDIA.COM, HDM INTERNET SERVICES, INC., HOTELS.COM, HOTELS.COM GP, HOTELS.COM LP, HOTWIRE, HOTWIRE.COM, HRN HOLDINGS, HRN, INC., INTERACTIVE AFFILIATE NETWORK, LP, JOURNEYPULSE, JOURNEYPULSE.COM, LOCAL EXPERT, METROPOLITAN TRAVEL, TRAVELNOW.COM, TRAVELOCITY.COM, and WWTE TRAVEL LIMITED; EXPEDIA TRAVEL PARTNER SERVICES, LLC, a foreign limited liability company; and DOES 1-20, as yet unknown Washington entities,

Defendants.

No. 2:25-cv-02507

**PLAINTIFF'S MOTION TO REMAND**

NOTE ON MOTION CALENDAR:
January 9, 2026



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

## I. INTRODUCTION

Plaintiff John Miltio ("Plaintiff" or "Milito") respectfully requests that the Court remand this state law class action to King County Superior Court. As the removing party and sole proponent of federal jurisdiction, Defendants Expedia, Inc. and Expedia Travel Partner Services, LLC (together, "Defendants" of "Expedia") bear the burden of establishing this Court's subject matter jurisdiction, including the core constitutional requirement of Plaintiff's Article III standing: the injury-in-fact. The Court has adjudged in at least *twenty-four* virtually identical matters that when a plaintiff sues under RCW 49.58.110 but does not plead that they are a "bona fide" applicant, engaged in pay negotiations, or was offered an interview, the plaintiff lacks Article III standing and remand is required. Because Plaintiff did not make these allegations, immediate remand of this state law action is required. The Washington Supreme Court's decision in *Branson v. Washington Fine Wines & Spirits, LLC*, 574 P.3d 1031 (2025), does not change the Court's analysis. Alternatively, remand is required because Court lacks CAFA jurisdiction.

## II. STATEMENT OF FACTS

Milito filed this class action in King County Superior Court for Expedia's violation of the pay transparency provision of the Washington Equal Pay and Opportunities Act ("EPOA"), RCW 49.58.110. *See* Defs.' Notice of Removal, Ex. A, ECF 1-2 ("Compl."). The law requires employers with 15 or more employees to disclose a wage scale or salary range and a description of benefits in job postings seeking Washington workers. *See* RCW 49.58.110(1). Milito's complaint is virtually identical to approximately *twenty-four* others the Court has remanded for lack of an injury-in-fact under Article III. *See Spencer v. Vera Whole Health, Inc.*, 2024 U.S. Dist. LEXIS 116904 (W.D. Wash. July 2, 2024); *Kent v. HCL Techs. Ltd.*, No. 2:24-cv-01332-MJP (W.D. Wash. Nov. 19, 2024); *Wright v. HP Inc.*, No. 2:24-cv-01261-MJP (W.D. Wash. Nov. 5, 2024); *Atkinson v. Aaron's LLC*, 733 F. Supp. 3d 1056 (2024); *Floyd v. Insight Glob. LLC*, No. 2:23-cv-01680-BJR, 2024 U.S. Dist. LEXIS 85796 (W.D. Wash. May 10, 2024), *amended by* 2024 U.S. Dist. LEXIS 112827 (W.D. Wash. June 26, 2024); *David v. Herc Rentals Inc.*, 2024 U.S. Dist. LEXIS 85379 (W.D. Wash. May 10, 2024); *Floyd v. DoorDash, Inc.*, No. 2:23-cv-



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

01740-BJR, 2024 U.S. Dist. LEXIS 92001 (W.D. Wash. May 22, 2024); *Spencer v. RXO, Inc.*, No. 2:23-cv-01760-BJR, 2024 U.S. Dist. LEXIS 92838 (W.D. Wash. May 23, 2024); *Atkinson v. Penney Opco LLC*, No. 23-cv-01806-BJR, 2024 U.S. Dist. LEXIS 134571 (W.D. Wash. July 30, 2024); ;*Watson v. Deacon Constr., LLC*, No. 24-cv-00082-BJR, 2024 U.S. Dist. LEXIS 134585 (W.D. Wash. July 30, 2024); *Partridge v. Heartland Express Inc. of Iowa,* No. 3:24-cv-05486-DGE, 2024 U.S. Dist. LEXIS 164596 (W.D. Wash. Sept. 12, 2024); Liu v. Veeva Systems Inc., No. 2:23-cv-1784-BJR, 2024 U.S. Dist. LEXIS 171512 (W.D. Wash. Sept. 23, 2024); *Spencer v. Jeld-Wen, Inc.*, No. 2:23-cv-01757-BJR, 2024 U.S. Dist. LEXIS 193749 (W.D. Wash. Oct. 24, 2024); *Hill v. Spirit Halloween Superstores LLC*, No. 2:24-cv-01644-TSZ, 2024 U.S. Dist. LEXIS 227149 (W.D. Wash. Dec. 16, 2024); *Dudley v. Transdev North America Inc.*, No. 2:24-cv-00810-KKE, 2024 U.S. Dist. LEXIS 226159 (W.D. Wash. Dec. 13, 2024); *Perry v. The Boeing Co.*, No. 2:24-cv-01000-RSL, 2024 U.S. Dist. LEXIS 213310 (W.D. Wash. Nov. 22, 2024); *Spencer v. Total Renal Care Inc.*, No. 2:24-cv-01359-RSM, 2024 U.S. Dist. LEXIS 211363 (W.D. Wash. Nov. 20, 2024); *Mitchell v. LYMI, Inc.*, No. 2:25-cv-00511-TSZ (W.D. Wash. May 28, 2025); *Hill v. ACV Auctions Inc.*, No. C25-616 MJP, 2025 U.S. Dist. LEXIS 106298 (W.D. Wash. June 4, 2025); *Milito v. Snap Inc.*, No. 2:25-cv-00387-MJP, 2025 U.S. Dist. LEXIS 107243 (W.D. Wash. June 5, 2025); *Kent v. Tech Mahindra (Americas) Inc.*, No. 2:24-cv-01168-BJR, 2025 U.S. Dist. LEXIS 196582 (W.D. Wash. Oct. 3, 2025); *Spencer v. Walmart Inc.*, No. 2:23-cv-01793-BJR, 2025 U.S. Dist. LEXIS 202728 (W.D. Wash. Oct. 14, 2025); *Hill v. Les Schwab Tire Ctrs. of Wash. LLC*, No. 24-cv-00425-BJR, 2025 U.S. Dist. LEXIS 216275 (W.D. Wash. Oct. 31, 2025); *Eggleston v. Bruckner Truck Sales Inc*, No. 2:25-cv-01467-JLR, 2025 U.S. Dist. LEXIS 222769 (W.D. Wash. Nov. 11, 2025); *Floyd v. Photon Infotech Inc.*, 2:24-cv-01372-KKE, 2025 U.S. Dist. LEXIS 233938 (W.D. Wash. Dec. 1, 2025); *Voivod v. Pyramid Theodore Management LLC*, No. 2:25-cv-01927-JHC (W.D. Wash. Dec. 10, 2025) (collectively, "Remand Orders").

On September 4, 2025, the Washington Supreme Court issued its decision in *Branson* where it adopted the plain language interpretation of "job applicant," concluding:



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

> A job applicant need not prove they are a "bona fide" applicant to be deemed a "job applicant." Rather, in accordance with the plain language of RCW 49.58.110(4), a person must apply to any solicitation intended to recruit job applicants for a specific available position to be considered a "job applicant" regardless of the person's subjective intent in applying for the specific position.

574 P.3d at 1040. The Court reasoned that the term "job applicant" must be "broadly defined" to "best effectuate the statute's intended purpose of eradicating pay-based discrimination." *Id.* at 304. In its reasoning, the Court acknowledged that the "legislature did not intend to make it more difficult for job applicants to recover for violations of the EPOA." *Id.* Rather, the Legislature "intended to hold employers accountable." *Id.*

## III. STATEMENT OF ISSUES

The following issues are presented for resolution by the Court:

1. *Whether remand is required where Plaintiff did not plead "bona fide" applicant status and returning this matter to state court would not be futile?* **YES.**

2. *Whether remand is required where Defendants cannot establish CAFA jurisdiction by a preponderance of the evidence?* **YES.**

3. *Whether remand is required where the mandatory and discretionary exceptions to CAFA apply?* **YES.**

## IV. EVIDENCE RELIED UPON

This motion to remand is based on all of the pleadings and other papers that are presently on file with the Court.

## V. AUTHORITY

### 1. Defendants fail to establish this Court's Article III authority.

#### A. Legal Standard

Article III standing is a necessary component of federal subject matter jurisdiction. "Under Article III, the Federal Judiciary is vested with the 'Power' to resolve not questions and issues but 'Cases' or 'Controversies.'" *Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 132 (2011). "Among other things, that limitation requires a plaintiff to have standing." *Fed. Election*



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

*Comm'n v. Cruz*, 596 U.S. 289, 295-96 (2022). Whether a plaintiff has Article III standing implicates the Court's subject matter jurisdiction. *Warth v. Seldin*, 422 U.S. 490, 498 (1975).

To establish Article III standing, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan*, 504 U.S. at 561; *see also Washington v. Chimei Innolux Corp.*, 659 F.3d 842, 847 (9th Cir. 2011) ("The burden of establishing removal jurisdiction, even in CAFA cases, lies with the defendant seeking removal."). Further, "each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 561.

Moreover, when a defendant removes a case to federal court where the plaintiff lacks Article III standing, the district court must remand the case rather than dismiss it. *See Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016) ("The rule that a removed case in which the plaintiff lacks Article III standing must be remanded to state court under § 1447(c) applies as well to a case removed pursuant to CAFA as to any other type of removed case."). "Remand is the correct remedy because a failure of federal subject matter jurisdiction means only that federal courts have no power to adjudicate the matter. State courts are not bound by the constrains of Article III." *Id.*

### B. Defendants fail to meet their burden of establishing this Court's Article III authority.

As the removing party and sole proponent of federal jurisdiction, Defendants must establish, and maintain throughout the pendency of this litigation, that Plaintiff suffered an injury-in-fact. *See Aaron's*, 733 F. Supp. 3d at 1056; *see also Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447 (7th Cir. 2005) ("Whichever side chooses federal court must establish jurisdiction; it is not enough to file a pleading and leave it to the court or the adverse party to



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

negate jurisdiction." (citing *Lujan*, 504 U.S. at 561)). Courts in this district have held in nearly two dozen cases that applicants to job postings that failed to state the wage range or salary scale do not automatically satisfy Article III standing when they bring suit for violations of the EPOA's pay transparency provisions. *See* Remand Orders. Judges in this district follow two tests to determine whether an EPOA plaintiff has standing. Defendants cannot establish that Plaintiff's allegations satisfy either test.

Moreover, the Washington Supreme Court's decision in *Branson* does not change this Court's analysis. *Branson* "clarifies that a plaintiff does not have to prove they are a 'bona fide' or 'good faith' applicant to qualify as a 'job applicant' that can sue to obtain remedies under the statute." *Tech Mahindra*, 2025 U.S. Dist. LEXIS 196582, at *8 (citing *Branson*, 2025 WL 2536266, at *1) (remanding post-*Branson*); *see also Walmart*, 2025 U.S. Dist. LEXIS 202728 (same); *Les Schwab*, 2025 U.S. Dist. LEXIS 216275 (same); *Eggleston*, 2025 U.S. Dist. LEXIS 222769 (same). *Branson* does not alter or inform the federal judiciary's independent analysis of its Article III authority. Because an injury-in-fact for Article III purposes is required, and Plaintiff did not make the necessary allegations to demonstrate an injury-in-fact under the Court's established tests, the Court should remand. *See Robins v. Spokeo, Inc. (Spokeo II)*, 867 F.3d 1108, 1112 (9th Cir. 2017).

**i. Defendants cannot establish standing under the *Aaron's* test.**

In the first RCW 49.58.110 remand order, the Court articulated that because "a violation of the statutory provision at issue here—a job posting with no compensation information included—is a technical or procedural violation that by itself does not manifest concrete injury but requires a 'bona fide' applicant before there is a risk of harm," plaintiffs "*must allege, at minimum, that they applied for the job with good-faith intent*, and as such became personally exposed to the risk of harm caused by the violation." *Aaron's*, 733 F. Supp. 3d at 1071 (emphasis added).

Notwithstanding that the Washington legislature authorized any "applicant" to bring a claim, *Aaron's* made clear that without pleading facts to show that the plaintiff was a "bona fide"



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

or "good faith" applicant, the allegations will not establish an injury-in-fact redressable in *federal* courts and thus Article III standing is lacking. The Court reasoned that—with respect to constitutional standing only—a technical, statutory violation is irrelevant unless accompanied by a corresponding risk of personal exposure to the risk of harm caused by the violation. *See id.*

Courts continue to apply the *Aaron's* test to remand cases where the plaintiffs applied to the non-compliant posting but did not allege the requisite "bona fide" status to maintain jurisdiction in the federal courts. *See Aaron's*, 2024 U.S. Dist. LEXIS 85799; *Floyd*, 2024 U.S. Dist. LEXIS 85796; *David*, 2024 U.S. Dist. LEXIS 85379; *DoorDash*, 2024 U.S. Dist. LEXIS 92001; *RXO*, 2024 U.S. Dist. LEXIS 92838; *Penney Opco*, 2024 U.S. Dist. LEXIS 134571; *Watson*, 2024 U.S. Dist. LEXIS 134585; *Liu*, 2024 U.S. Dist. LEXIS 171512; *Jeld-Wen*, 2024 U.S. Dist. LEXIS 193749; *LYMI*, No. 2:25-cv-00511-TSZ; *Dudley*, No. 2:24-cv-00810-KKE; *The Boeing Co.*, 2024 U.S. Dist. LEXIS 213310; *Total Renal Care*, 2024 U.S. Dist. LEXIS 211363; *Spirit Halloween*, 2024 U.S. Dist. LEXIS 227149; *Tech Mahindra*, 2025 U.S. Dist. LEXIS 196582 (remanding after *Branson*); *Walmart*, 2025 U.S. Dist. LEXIS 202728; *Les Schwab*, 2025 U.S. Dist. LEXIS 216275 (same); *Bruckner Truck Sales Inc.*, 2025 U.S. Dist. LEXIS 222769 (same); *Photon Infotech Inc.*, 2:24-cv-01372-KKE (same); *Pyramid Theodore Management LLC*, No. 2:25-cv-01927-JHC (same).

Here, there is no dispute that Plaintiff did not plead any facts to show that he was a "bona fide" applicant or any other facts establishing his subjective intent. *See* Compl. Plaintiff was not required to allege such facts under the plain language of RCW 49.58.110 as confirmed by the Washington Supreme Court in *Branson*. But because he did not do so, his claim cannot proceed in federal court and must be remanded to King County Superior Court. *See* RCW 49.58.110; *Branson*, 5 Wn.3d at 305 (holding the "plain language of the term 'job applicant' means a person who applies to a job posting, regardless of their subjective intent in doing so"). Remand for lack of Article III injury-in-fact is thus required under the *Aaron's* standing test.



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

**ii. Defendants cannot establish standing under the *Vera Whole Health*.**

Shortly after the *Aaron's* decision, an alternative injury-in-fact test emerged in *Spencer v. Vera Whole Health*, No. C24-337-MJP, 2024 WL 3276578 (W.D. Wash. July 2, 2024). Under this test, a plaintiff shows a constitutional injury-in-fact if he alleges that "he was offered an interview or that he engaged in any pay negotiations," because only then would the deprivation of the statutorily required disclosures cause any risk of harm. *Id.* at *3 (holding plaintiff must be offered an interview or engage in pay negotiations). Months later, in *Heartland Express*, that court arrived at an identical conclusion, stating that when a plaintiff "does not allege that he was offered employment or an interview," he "does not suggest that the deprivation of information compromised his bargaining power in pay negotiations, placed him at a disadvantage relevant to other applicants, or resulted in him having to exit a lengthy interview process after learning the pay was insufficient for his needs." 2024 U.S. Dist. LEXIS 164596, at *10.

The *Vera Whole Health* test has been adopted and applied in multiple other cases. *See HP*, 2024 U.S. Dist. LEXIS 201204; *HCL Techs.*, 2024 U.S. Dist. LEXIS 210312; *Heartland Express*, 2024 U.S. Dist. LEXIS 164596, at *10; *Snap*, 2025 U.S. Dist. LEXIS 107243; *ACV*, 2025 U.S. Dist. LEXIS 106298, at *7. Here, it is also undisputed that Plaintiff has not alleged that he was offered an interview, engaged in any pay negotiations, or received an employment offer from Defendants. *See* Compl. Again, Plaintiff was not required to allege such facts to support a claim, but in the absence of such circumstances, federal jurisdiction is lacking and the case must be remanded to King County Superior Court where it was filed.

**iii. *Branson* did not change this Court's constitutional standing analysis.**

The Washington Supreme Court's decision in *Branson* did not, and cannot, alter this Court's Article III standing analysis.

First, "standing in federal court is a question of federal law, not state law." *Hollingsworth v. Perry*, 570 U.S. 693, 715 (2013). In *Hollingsworth*, the U.S. Supreme Court reversed the Ninth Circuit's holding that petitioners had Article III standing where the California Supreme Court, on



EMERY | REDDY, PC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

a certified question from the Ninth Circuit, concluded the petitioners had standing to pursue their claim under state law. *Id.* The U.S. Supreme Court emphasized that "no matter [the California Supreme Court's] reasons, the fact that a State thinks a private party should have standing to seek relief for a generalized grievance cannot override our settled case law to the contrary." *Id.* Accordingly, a state court's determination that a plaintiff has standing under state law cannot override or supplant a federal court's independent assessment of whether that same plaintiff has Article III standing for the same claim. *See id.*

In pay transparency cases, federal courts have independently and repeatedly decided what a plaintiff must allege to establish concrete harm sufficient for Article III purposes. The Court has also acknowledged that "[a]ny decision in *Branson* [would] not change the fact that the Court lacks subject matter jurisdiction over this matter because [the plaintiff] lacks standing" under the Court's established Article III tests. *See, e.g.*, *Snap*, 2025 U.S. Dist. LEXIS 107243, at *10; *ACV*, 2025 U.S. Dist. LEXIS 106298, at *10 ("[T]he Court lacks subject matter jurisdiction over this matter because [plaintiff] lacks standing. The decision in *Branson* will not change that fact.").

Since the *Branson* decision, the Court has affirmed this conclusion and continued to apply its well-established Article III analyses. For example, in *Tech Mahindra*, the Court determined that "the state Supreme Court's decision in *Branson* does not change this Court's standing analysis." 2025 U.S. Dist. LEXIS 196582, at *10-11. Instead, it reasoned, "[t]he *Branson* decision clarifies that a plaintiff does not have to prove they are a 'bona fide' or 'good faith' applicant to qualify as a 'job applicant' that can sue to obtain remedies under the statute. . . . But a plaintiff must still show an injury-in-fact for Article III purposes." *Id.* (internal citation omitted); *see also* *Walmart*, 2025 U.S. Dist. LEXIS 202728 (remanding post-*Branson*). In doing so, the Court drew a crucial distinction between the constitutional requirements of Article III standing in federal courts of limited jurisdiction and the legislatively defined requirements of statutory standing in Washington's state courts of general jurisdiction. Thus, because an injury-in-fact for Article III purposes is required, and Plaintiff did not make the necessary allegations to demonstrate an injury-in-fact under the Court's established tests, the Court should remand. *See Spokeo II*, 867



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

F.3d at 1112.

Second, the Washington Supreme Court's opinion in *Branson* expressly declined to address arguments raised by the defendant and amici regarding *statutory* standing as "beyond the scope of the certified question." *Branson*, 5 Wn.3d at 304 n.7. It further rejected the contention that it "silently address[ed]" standing, confirming that "[o]ur holding is limited to interpreting the term 'job applicant' in RCW 49.58.110(4)," though did "observe that if a plaintiff meets the definition of applicant, the plaintiff likely is within the protected zone of interest." *Id.* This observation does not impact this Court's constitutional standing inquiry.

Accordingly, because *Branson* did not change the Article III injury-in-fact inquiry, the Court should conclude that Defendants did not meet their burden to establish federal jurisdiction even in light of *Branson*.

**C. Remand to state court is not futile.**

The law is clear that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction," "the case *shall* be remanded." 28 U.S.C. § 1447(c) (emphasis added); *Polo*, 833 F.3d at 1196 (providing that where there exist "[d]efects of subject-matter jurisdiction," "the district court generally *must* remand the case to state court, rather than dismiss it"); *Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997) ("[§ 1447(c)] is *mandatory*, not discretionary." (emphasis added.)). As the U.S. Supreme Court has recognized, "the literal words of § 1447(c)" give "no discretion to dismiss rather than remand an action." *Int'l Primate Prot. League v. Admins. of Tulane Educ. Fund*, 500 U.S. 72, 88-89 (1991), *superseded by statute on other grounds*. The Ninth Circuit's judicially created futility exception to § 1447(c), however, permits a federal court to "dismiss an action rather than remand it if there is '*absolute certainty*' that the state court would dismiss the action following remand." *Glob. Rescue Jets, LLC v. Kaiser Found. Health Plan, Inc.*, 30 F.4th 905, 920 n.6 (9th Cir. 2022) (emphasis added); *Bell v. City of Kellogg*, 922 F.2d 1418, 1424 (9th Cir. 1991) ("[I]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded . . . . Where the remand to state court would be futile, however, the desire to have state courts resolve state law



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

issues is lacking.”).

Notably, the futility exception contradicts the removal statute and “may no longer be good law.” *Polo*, 833 F.3d at 1197. Indeed, the U.S. Supreme Court has recognized the irreconcilable conflict between the judge-made futility exception and the plain, mandatory language of the removal statute, which “give[s the court] no discretion to dismiss rather than remand an action.” *Int’l Primate*, 500 U.S. at 88-89. The Ninth Circuit has recognized the exception’s doctrinal peril following *International Primate* but has not yet had occasion to overrule *Bell*. *See, e.g.*, *Bruns*, 122 F.3d at 1257-58 (concluding that the district court erred in dismissing rather than remanding for want of subject matter jurisdiction); *Polo*, 833 F.3d at 1197-98 (casting doubt on the futility exception but declining to expressly overrule *Bell sua sponte* where no party had argued the issue). Although courts have sporadically applied the futility exception, some have substantially narrowed its application and cast doubt on its validity. *See, e.g.*, *Polo*, 833 F.3d at 1198 (“[O]nly when the eventual outcome of a case after remand is so clear as to be foreordained have we held that a district court may dismiss it. . . .”); *Bell*, 922 F.2d at 1425. Given the signals that *Bell*’s futility exception is no longer good law, the Court need not consider it here.

Nevertheless, even if the futility exception were still good law, remanding this state law class action would not be futile. The futility doctrine applies only where the district court has “absolute certainty” that a state court would “simply dismiss[] the action” for the same reason the district court remanded. *Bell*, 922 F.2d at 1425. Here, it is far from certain that a Washington court would dismiss this action upon remand for lack of standing.

The Washington Constitution does not limit state courts’ jurisdiction as Article III of the U.S. Constitution limits the jurisdiction of federal courts. *See In re Estate of Reugh*, 10 Wn. App. 2d 20, 55-56 (2019) (“Washington courts do not face such constitutional limitations.”). Further, “[q]uestions of standing under Washington law begin with the statutes themselves.” *West v. Seattle Port Comm’n*, 194 Wn. App. 821, 826 (2016). Plaintiff alleges that Defendants violated her rights under RCW 49.58.110. If Defendants challenge standing upon remand, the state court will look to the statute rather than to interpretations of Article III. *See Reugh*, 10 Wn. App. 2d at



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

55-56. It will also look to the *Branson* decision, where the Washington Supreme Court held that under RCW 49.58.110, "the term 'job applicant' means a person who applies to a job posting, regardless of their subjective intent in doing so." *Branson*, 5 Wn.3d at 297. Moreover, it indicated that because any applicant likely falls within the zone of interest the legislature intended to protect, that any applicant would satisfy *state* standing requirements. *Id.* at 304 n.7. In other words, while in federal court a plaintiff must allege they are a bona fide job applicant to have Article III standing, in Washington state court, a "job applicant need not prove they are a 'bona fide' applicant to be deemed a 'job applicant'" to pursue a claim. *Id.* at 305.

Indeed, state trial courts have expressly rejected motions to dismiss virtually identical EPOA claims. *See, e.g.*, Order Denying Def.'s Mot. to Dismiss or Strike, *Milito v. Bytedance Inc.*, No. 24-2-20512-8 (King Cnty. Super. Ct. Nov. 17, 2025); *Milito v. TikTok*, No. 24-2-20511-0 SEA (King Cnty. Super. Ct. Dec. 2, 2025); Order Denying Defs.' Mot. to Dismiss, *Herold v. Smart FoodService Stores*, No. 23-2-19555-8 (King Cnty. Super. Ct. May 13, 2024); Order Denying Def.'s Mot. for J. on the Pleadings, *Pizl v. Dependable Staffing Agency Ltd.*, No. 23-2-12099-5 (Pierce Cnty. Super. Ct. Apr. 26, 2024).

Accordingly, because it is not absolutely certain (or even likely) that a Washington state court would dismiss this action upon remand for failure to allege bona fide applicant status, remand is required.

**2. Defendants have not established CAFA jurisdiction.**

**A. Legal Standard**

CAFA confers federal subject matter jurisdiction over class actions involving at least 100 members who are minimally diverse from the defendants where the amount in controversy exceeds $5,000,000. *See Moe v. GEICO Indem. Co.*, 73 F.4th 757, 761 (9th Cir. 2023). State court defendants who remove putative class actions under CAFA bear the burden of demonstrating, by a preponderance of the evidence, that these prerequisites are met. *See Lin v. Kennewick, No.* C20-1029RSL, 2021 U.S. Dist. LEXIS 121383, at *7 (W.D. Wash. June 29, 2021) (applying the preponderance of the evidence standard to CAFA's numerosity and amount in controversy



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

requirements). Mere conclusory allegations by the removing party are insufficient. *Abrego Abrego v. The Dow Chem. Co*., 443 F.3d 676, 689 (9th Cir. 2006).

**B. Defendants have not established numerosity under CAFA.**

Defendants have not established, on a more probable than not basis, that the putative class exceeds 100 individuals. *See* Notice of Removal ¶¶ 22-23, ECF No. 1. To satisfy their evidentiary burden, Defendants must produce "summary-judgment-type evidence." *See Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197(9th Cir. 2015). *Ibarra*, 775 F.3d at 1197; *see also Kennewick*, 2021 U.S. Dist. LEXIS 121383, at *7 (considering "summary-judgment type evidence" for CAFA's numerosity requirement). Assertions made in a complaint, legal memoranda, or at oral argument are not evidence and do not create issues of fact. *See Flaherty v. Warehousemen, Garage & Serv. Station Emps.' Local Union No. 334*, 574 F.2d 484, 486 n.2 (9th Cir. 1978); *Coverdell v. Dep't of Soc. and Health Servs.*, 834 F.2d 758, 762 (9th Cir. 1987).

Defendants' assertions regarding the propriety of CAFA jurisdiction are entirely predicated upon their unsupported conclusory statement that "the putative Class includes at least 1,000 individuals. Thus, the putative Class contains more than 100 members." Notice of Removal ¶ 23. This statement does not qualify as summary judgment type evidence and, therefore, is insufficient to establish numerosity under CAFA. *See Flaherty*, 574 F.2d at 486 n.2; *Ibarra*, 775 F.3d at 1197-99. Indeed, nothing in Defendants' removal notice or supporting materials demonstrates a putative class size greater than 100. *See generally* Notice of Removal.

**C. Defendants have not established the amount in controversy necessary to support CAFA jurisdiction.**

For the same reason, Defendants fail to establish that the amount in controversy exceeds the $5,000,000 required under CAFA. *See* Notice of Removal ¶¶ 24-38. The law is clear that Defendants "must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds" the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Defendants cannot meet this burden with a single conclusory statement regarding the number of potential class members. *See Matheson v. Progressive*



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

*Specialty Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2004); *Raj K Patel v. Microsoft Corp.*, No. 2:24-cv-00130-JHC, 2024 U.S. Dist. LEXIS 31569, at *3 (W.D. Wash. Feb. 23, 2024). And critically, where, like here, Defendants' damages assessment "require[s] a chain of reasoning that includes assumptions[,] . . . those assumptions cannot be pulled from thin air but need some reasonable ground underlying them." *Compare Ibarra*, 775 F.3d at 1199, *with* Notice of Removal ¶ 28 ("Plaintiff has specifically requested statutory damages for himself and each putative class member of $5,000 pursuant to RCW 49.58.070 and RCW 49.58.110, placing at least $5,500,000 ([1,000] putative Class Members x $5,000) in statutory damages in controversy."). Because Defendants' damages assessment rests solely on its unsupported assertion regarding the size of the proposed class, they have not established the Court's subject matter jurisdiction under CAFA. Defendant's unsupported estimate that this case will require at least 500 hours in billable attorney time fails for similar reasons. Remand is therefore required.

**3. Remand is also required because the mandatory and discretionary CAFA exceptions apply.**

**A. The mandatory local controversy exception applies.**

Even if the Court determines that CAFA's prerequisites are met, it "must decline jurisdiction" when statutory "exception[s]" apply. *Adams v. W. Marine Prod., Inc.*, 958 F.3d 1216, 1220 (9th Cir. 2020) (citation omitted). Under the mandatory local controversy exception, the Court must decline to exercise jurisdiction over this class action if: (1) greater than two-thirds of the members of the proposed class are citizens of Washington; (2) at least one defendant is a citizen of Washington and is a defendant against whom significant relief is sought and whose alleged conduct forms a significant basis for the claims asserted; (3) the principal injuries resulting from the alleged conduct were incurred in Washington; and (4) no other class actions asserting the same or similar factual or legal allegations against Defendants have been filed within three years prior to the present action. *See* 28 U.S.C. § 1332(d)(4)(A). Each of these elements are satisfied.

First, it has not been disputed that more than two-thirds of the putative class are Washington citizens because the class, as defined, encompasses only those seeking employment



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

with Defendants "in the State of Washington." Compl. ¶ 41. Second, it cannot reasonably be disputed that there is at least one in-state defendant against whom significant relief is sought and whose conduct forms a significant basis for the claims asserted by Milton and the putative class. Indeed, Defendant Expedia, Inc. is admittedly a Washington citizen: "Defendant Expedia [Inc.] is organized under the laws of the State of Washington, and its principal place of business and corporate headquarters is in Washington, where its officers direct, control, and coordinate corporate activities." Notice of Removal ¶ 19. Moreover, *both* Defendants Expedia, Inc. and Expedia Travel Partner Services, LLC *are* admittedly Washington citizens: "**Defendants Expedia and ETPS are Citizens of Washington**." *Id.* (emphasis in the original). Whether significant relief is sought against Expedia, Inc. and whether its conduct forms a significant basis for the claims asserted is likewise not reasonably disputed: "John Milito brought this lawsuit against Expedia, Inc. and its subsidiary Expedia Travel Partner Services ("ETPS") (collectively, "Expedia") after using Expedia's careers website, careers.expediagroup.com (the "Careers Website"), to view and apply for a job. Defs.' Motion to Compel Arbitration and Stay Action at 1:2-4, ECF 5. This concession forecloses any argument that significant relief is not being sought against Expedia, Inc. or that its conduct does not form a significant basis for the claims in this lawsuit.

Third, the principal injuries to Milito and the putative class unequivocally occurred in Washington, the state in which the action was originally filed. *See generally* Compl. The Ninth Circuit has yet to issue binding precedent regarding CAFA's principal injuries requirement and courts stand divided about whether this element requires a court to look solely at the principal injuries of the class resulting from the alleged conduct or at the principal injuries of all people resulting from the alleged conduct. *Aarstad v. Burlington N. Santa Fe Ry.*, No. CV-17-72-GF-BMM-JTJ, 2020 U.S. Dist. LEXIS 60326, at *7 (D. Mont. Apr. 6, 2020); *see also Aarstad v. BNSF Ry. Co.*, 833 F. App'x 94, 98 (9th Cir. 2020) (unpublished) (concluding that defendant's out-of-state "related conduct" that produced out-of-state injuries did not undermine that the principal injuries from defendant's conduct were incurred in-state). The Senate Report on CAFA



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

instructs that the requirement means "that all or almost all of the damage caused by defendants' alleged conduct occurred in the state where the suit was brought." S. Rep. 109-14 at 38-39. Such is the case here; where RCW 49.58.110 protects individuals seeking employment in Washington, where the putative class is comprised of Washington citizens, where Defendants' conduct is deemed unlawful in Washington, and where Expedia, Inc. maintains a principal place of business in Washington.

Fourth, and finally, this is the only action asserting Defendants' violation of RCW 49.58.110. No identical or similar actions have been filed. Counsel for Milito conducted a diligent search of PACER, analogous state court systems, and LEXIS. Defendants have not informed Milito's counsel, or this Court, of any such actions asserting the same or similar factual or legal allegations against them within the last three years. As such, the mandatory local controversy exception applies and necessitates immediate remand.

**B. The mandatory home-state exception applies.**

The mandatory home-state exception provides that a district court must decline jurisdiction over a class action where "two-thirds or more of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). The "burden of proof placed upon a plaintiff" in demonstrating that the exception applies is not "exceptionally difficult to bear." *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013). As set forth above, Defendants have not reasonably disputed, nor provided evidence to support such an assertation, that over two-thirds of the putative class are citizens of Washington, the state in which this action was originally filed, and both defendants are citizens of Washington. *See* Compl. ¶ 13; Notice of Removal 6:5. The only question is whether Expedia, Inc. is a primary defendant. "CAFA does not define 'primary defendant.'" *Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1067 (9th Cir. 2019) (citing 2 WILLIAM B. RUBENSTEIN, NEWBERG ON CLASS ACTIONS § 6:20 (5th ed. 2018)). Ultimately, the "inquiry is whether a defendant is a 'principal, fundamental, or direct' defendant." *Id.* at 1068 (citing *Vodenichar v. Halcón Energy Props.*, 733 F.3d 497, 504 (3d Cir. 2013)). For the reasons



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

set forth above, it cannot reasonably be disputed that Expedia, Inc. is the "primary defendant" here.

C. **The discretionary home-state exception applies.**

Courts have discretion, in the interest of justice and looking at the totality of the circumstances, to decline jurisdiction over CAFA cases based on consideration of six factors, all of which are designed to assess whether the claims are local in nature. *See* 28 U.S.C. § 1332(d)(3). This exception applies only where "greater than one-third but less than two-thirds" of the proposed putative class are citizens of the state where the action was filed. *Id*. If the Court were to find that the putative class could include non-Washingtonians, this exception still necessitates remand because each of the six factors are met. First, the claims asserted do not involve matters of national or interstate interest. RCW 49.58.110 applies only to individuals seeking employment in Washington. Second, Washington law, not federal law, will govern whether Defendants violated Milito's and the putative class's right to pay transparency. *See Gasperini v. Ctr. for Humanities*, 518 U.S. 415, 427 (1996) ("Except in matters governed by the Federal Constitution or by Acts of Congress, the law to be applied in any case is the law of the State . . . [F]ederal courts sitting in diversity apply state substantive law and federal procedural law."). Third, Milito's complaint was pled to avoid federal jurisdiction; he dedicated an entire paragraph outlining why federal jurisdiction is inappropriate. *See* Compl. ¶ 13. Fourth, this action was brought in King County Superior Court, the same county where Expedia, Inc. has its principal place of business. *See generally* Compl.; Notice of Removal at ¶ 19. Fifth, this action is brought on behalf of those seeking employment in Washington. It follows logically that the putative class consists solely of Washington citizens. *See* Compl. ¶ 39. Finally, there is no evidence that other RCW 49.58.110 actions against Defendants have been filed.

## VI. CONCLUSION

Defendants have failed to meet their burden to show that this Court has jurisdiction over the claims brought in Plaintiff's complaint. Accordingly, consistent with 28 U.S.C. § 1447(c), the Court must remand this case to King County Superior Court where it was originally filed.



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

Respectfully submitted this 12th day of December, 2025.

EMERY | REDDY, PC

By: */s/ Timothy W. Emery*

Timothy W. Emery, WSBA No. 34078
Patrick B. Reddy, WSBA No. 34092
Paul Cipriani, WSBA No. 59991
Emery Reddy, PC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106
Fax: (206) 441-9711
Email: emeryt@emeryreddy.com
Email: reddyp@emeryreddy.com
Email: paul@emeryreddy.com
*Attorneys for Plaintiff*

I certify that this memorandum contains less than 8,400 words, in compliance with the Local Civil Rules.

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2025, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

Andrea Delgadillo Ostrovsky, WSBA #37749
Damon C. Elder, WSBA #46754
Morgan, Lewis & Bockius LLP
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Telephone: (206) 274-6400
Email: andrea.ostrovsky@morganlewis.com
damon.elder@morganlewis.com

Dated this 12th day of December, 2025, at Seattle, Washington.

*/s/ Jennifer Chong*
Jennifer Chong, Legal Assistant
jennifer@emeryreddy.com



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711